UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

       V.                      CRIMINAL NO.  01-10082-DPW (001)

DAVID P. D'AMATO          ATTORNEY:
                                Tracy A. Miner, Esq.

### JUDGMENT IN A CRIMINAL CASE

THE DEFENDANT PLED GUILTY ON COUNTS 1 AND 2 OF THE INFORMATION.

ACCORDINGLY, THE DEFENDANT IS ADJUDGED GUILTY OF SUCH COUNT, WHICH INVOLVED THE FOLLOWING OFFENSE:

| TITLE & SECTION | DESCRIPTION OF CHARGES | COUNTS |
|---|---|---|
| 18 U.S.C. §1030(A)(5)(C) | COMPUTER FRAUD AND ABUSE | 1, 2 |

DATE OFFENSE CONCLUDED: 12/31/97 (COUNT 1); 2/29/00 (COUNT 2).

THE DEFENDANT IS SENTENCED AS PROVIDED IN PAGES 2 THROUGH 5 OF THIS JUDGMENT. THE SENTENCE IS IMPOSED PURSUANT TO THE SENTENCING REFORM ACT OF 1984.

DEFENDANT'S SOC.SEC. NO.

DEFENDANT'S DATE OF BIRTH:

DATE SENTENCE IMPOSED:      7/16/01

DEFENDANT'S RESIDENCE ADDRESS:

DEFENDANT'S MAILING ADDRESS:    SAME

U.S.M. NO.:                    23794-038



DATED: July                  Hon. Douglas P. Woodlock
                                    U.S. District Judge

DOCKETED



DEFENDANT: DAVID P. D'AMATO  PAGE 2 OF 5
CRIMINAL NO.:01-10082-DPW (001)

## IMPRISONMENT

THE DEFENDANT IS HEREBY COMMITTED TO THE CUSTODY OF THE UNITED STATES BUREAU OF PRISONS TO BE IMPRISONED FOR A TERM OF:

### 6 MONTHS

The term of imprisonment shall be served concurrently on Counts 1 and 2.

__X__ THE COURT MAKES THE FOLLOWING RECOMMENDATION TO THE BUREAU OF PRISONS:

The defendant should serve the term of imprisonment in a halfway house/community confinement to permit him to pursue his education and to address his health care issues.

_____ THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHAL.

_____ THE DEFENDANT SHALL SURRENDER TO THE UNITED STATES MARSHAL FOR THIS DISTRICT AT _____.

_____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

__X__ THE DEFENDANT SHALL SURRENDER FOR SERVICE OF SENTENCE AT THE INSTITUTION DESIGNATED BY THE BUREAU OF PRISONS,

   __X__ BEFORE 2 PM ON __AUGUST 10, 2001.__

   _____ AS NOTIFIED BY THE UNITED STATES MARSHAL.

   _____ AS NOTIFIED BY THE PROBATION OFFICE.

### RETURN

I HAVE EXECUTED THIS JUDGMENT AS FOLLOWS: _____

_____
_____
_____

DEFENDANT DELIVERED ON _____ TO _____
AT _____ WITH A CERTIFIED COPY OF THIS JUDGMENT.

                                    _____
                                    UNITED STATES MARSHAL

                                    BY:_____
                                       DEPUTY MARSHAL

DEFENDANT: DAVID P. D'AMATO          PAGE 3 OF 5
CRIMINAL NO.:01-10082-DPW (001)

### FINES, SPECIAL ASSESSMENTS, RESTITUTION

---IT IS ORDERED THAT THE DEFENDANT SHALL PAY A SPECIAL ASSESSMENT OF $50 ON COUNTS 1 AND 2. THE SPECIAL ASSESSMENT SHALL BE PAID IMMEDIATELY.
---A FINE OF $5,000 IS IMPOSED. THE FINE SHALL BE PAID IMMEDIATELY OR PURSUANT TO A COURT APPROVED PAYMENT SCHEDULE TO BE ESTABLISHED BY THE PROBATION OFFICER. INTEREST IS NOT WAIVED.
---RESTITUTION IS NOT ORDERED.

### SUPERVISED RELEASE

UPON RELEASE FROM THE CUSTODY OF THE BUREAU OF PRISONS, THE DEFENDANT IS HEREBY PLACED ON SUPERVISED RELEASE FOR A TERM OF ONE (1) YEAR, WHICH SHALL RUN CONCURRENTLY ON COUNTS 1 AND 2.

### STANDARD CONDITIONS OF SUPERVISED RELEASE

1. the defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID P. D'AMATO           PAGE 4 OF 5
CRIMINAL NO.:01-10082-DPW (001)

## SPECIAL CONDITIONS OF SUPERVISION

WHILE ON SUPERVISED RELEASE:

1. THE DEFENDANT SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME.

2. THE DEFENDANT SHALL COMPLY WITH THE STANDARD CONDITIONS THAT HAVE BEEN ADOPTED BY THIS COURT (SET FORTH IN THIS JUDGMENT). DRUG TESTING CONDITIONS ARE SUSPENDED.

3. THE DEFENDANT SHALL NOT POSSESS A FIREARM OR OTHER DANGEROUS WEAPON.

4. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH PROGRAM AS DIRECTED BY THE U.S. PROBATION OFFICER AND SHALL CONTRIBUTE TO THE COSTS OF SERVICES FOR SUCH TREATMENT BASED ON THE ABILITY TO PAY OR AVAILABILITY OF THIRD PARTY PAYMENT.

5. IN CONNECTION WITH THE DEFENDANT'S MENTAL HEALTH TREATMENT, THE PROBATION OFFICER SHALL HAVE THE AUTHORITY TO RESTRICT THE DEFENDANT'S INTERNET USE.

6. THE DEFENDANT SHALL NOT INCUR NEW CREDIT CHARGES OR OPEN ANY ADDITIONAL LINES OF CREDIT WITHOUT THE APPROVAL OF THE PROBATION OFFICER UNLESS THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

7. THE DEFENDANT SHALL PAY THE $5,000 FINE UNTIL THE FULL AMOUNT (INCLUDING INTEREST REQUIRED BY LAW) HAS BEEN PAID. THE FINE SHALL BE PAID IMMEDIATELY OR PURSUANT TO A COURT APPROVED PAYMENT SCHEDULE TO BE ESTABLISHED BY THE PROBATION OFFICER, AND MUST BE PAID IN FULL BY THE END OF SUPERVISED RELEASE.

8. THE DEFENDANT SHALL PROVIDE THE PROBATION OFFICER ACCESS TO ANY REQUESTED FINANCIAL INFORMATION, UNTIL THE DEFENDANT IS IN COMPLIANCE WITH THE PAYMENT SCHEDULE.

DEFENDANT: DAVID P. D'AMATO          PAGE 5 OF 5
CRIMINAL NO.: 01-10082-DPW (001)

## STATEMENT OF REASONS

__X__ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT.

OR

____ THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE APPLICATION IN THE PRESENTENCE REPORT EXCEPT: (see attachment if necessary):

GUIDELINE RANGE DETERMINED BY THE COURT:

| | |
|---|---|
| TOTAL OFFENSE LEVEL: | 10 |
| CRIMINAL HISTORY CATEGORY: | I |
| IMPRISONMENT RANGE: | 6 to 12 months |
| SUPERVISED RELEASE: | 1 year |
| FINE RANGE: | $2,000 to $20,000 |

____ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

RESTITUTION:                          N/A

__X__ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

____ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

____ upon motion of the government, as a result of defendant's substantial assistance.

____ for the following reason(s):

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.   CRIMINAL NO. 01-10082-DPW

DAVID P. D'AMATO

## NOTICE TO DEFENDANT OF APPEAL RIGHTS

WOODLOCK, D.J.

Judgment in the above entitled matter was imposed on JULY 16, 2001. The defendant is hereby notified of the right to Appeal the Judgment within 10 days of Entry of Judgment.

The defendant and her counsel are directed to the provisions of First Circuit Local Rule 12(b), providing that an attorney who has represented a defendant in a criminal case in the District Court will be responsible for representing the defendant on appeal until the attorney is relieved of such duty by the Court of Appeals. Detailed procedures for withdrawal in criminal cases are found in First Circuit Local Rule 46.6.

BY THE COURT,

Rebecca Greenberg
Deputy Clerk

JULY 16, 2001